UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
IN RE CIPROFLOXIN HYDROCHLORIDE           :        ORDER
ANTITRUST LITIGATION,                     :        00-MDL-1383 (DGT)
------------------------------------------------------------------- x
GOLD, STEVEN M., U.S.M.J.:

On March 31, 2005, the Honorable David G. Trager granted defendants' motions for summary judgment. Docket Entry 413. In 2009, the Federal and Second Circuits affirmed Judge Trager's grant of summary judgment. Docket Entry 580. Pending before the Court are defendants' requests for bills of costs pursuant to Federal Rule of Civil Procedure 54(d)(1).[1] Docket Entries 577, 578, 579.

Local Civil Rule 54.1(a) requires that a "request to tax costs shall be served upon each other party not less than seven (7) days before the date and time fixed for taxation." Moreover, the Local Rule provides that a "party objecting to any cost item [must] serve objections in writing prior to or at the time for taxation." Local Civil Rule 54.1(b).

Defendants filed their requests for bills of costs on December 1, 2010 and indicated that the date fixed for taxation, and objections, was December 9, 2010.[2] Docket Entries 577-79. The time for objections has passed. As of today's date, no objections have been filed. "In the absence of written objection, any item listed may be taxed within the discretion of the clerk." Local Civil Rule 54.1(b).

---

[1] On January 22, 2009, Judge Trager granted the parties' joint application to defer any party's request to tax costs until thirty days after the final disposition of the appeal by the Second Circuit. Docket Entry 576. In their motion, defendants indicate that the Second Circuit issued its mandate on November 9, 2010. Def. Mem. 1-2, Docket Entry 580. Defendants filed their applications for costs on December 1, 2010, and are thus timely.

[2] Federal Rule of Civil Procedure 54 requires a party to provide the Clerk with fourteen days notice of its request to tax costs. FED. R. CIV. P. 54(d)(1). Although defendants' date did not provide sufficient notice, as of today's date, the Clerk has had well more than fourteen days notice.

28 U.S.C. § 1920 sets forth the costs permitted under Rule 54(d)(1), including fees for transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). In addition, Local Civil Rule 54.1(c) sets out categories of costs that are properly taxable, including deposition transcripts used in connection with summary judgment motions. Local Civil Rule 54.1(c)(2). Here, defendants assert that they are seeking costs only for those deposition transcripts that were submitted in connection with the summary judgment motions. *See* Def. Mem. 4, Docket Entry 580; *see also* Smith Aff. ¶ 3, Docket Entry 577-3; McDonald Aff. ¶ 3, Docket Entry 578-3; Skidmore Aff. ¶ 3, Docket Entry 579-4. As noted above, plaintiffs have not filed any objections. Accordingly, the Clerk of the Court is directed to tax costs in the full amount defendants seek.[3]

/s/
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
May 13, 2011

*U:\eoc 2011\cipro.docx*

---

[3] If plaintiffs seek to vacate the entry of costs by the Clerk, this case will be randomly re-assigned to a United States District Judge.